# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-38V
### Filed: June 11, 2018
UNPUBLISHED

| | |
|---|---|
| SHARON PERKINS CAGE, as Personal Representative of the Estate of TOMMIE CAGE <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Transverse Myelitis |

*Alison H. Haskins, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Amy Paula Kokot, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

On January 8, 2016, Tommie Cage filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Upon Mr. Cage's death, Sharon Perkins Cage ("petitioner"), as personal representative of Mr. Cage's estate, was substituted as the petitioner. Mr. Cage alleges that he suffered transverse myelitis ("TM") as a result of receiving an influenza ("flu") vaccination. Petition at 1-2; Stipulation, filed May 31, 2018, at ¶¶ 1, 4. Petitioner further alleges that the vaccine was administered within the United States, that Mr. Cage's death was the sequela of his alleged vaccine-related injury, and that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Cage as a result of his alleged vaccine-related injuries and/or his death. Petition at 3-4; Stipulation at ¶¶ 3-5. "Respondent denies that the flu vaccine caused Mr. Cage's alleged TM or any

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

other injury, and denies that Mr. Cage's death was a sequela of his alleged vaccine-related injuries." Stipulation at ¶ 6.

Nevertheless, on May 31, 2018, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **the undersigned awards** the following compensation:

(1) **Petitioner a lump sum payment of $300,000.00 in the form of a check payable to petitioner, Sharon Perkins Cage as personal representative of Mr. Cage's estate.** This amount represents compensation for all damages that would be available under § 300aa-15(a); and

(2) **A lump sum payment of $38,423.59, representing reimbursement of a State of Michigan Medicaid lien, in the form of a check payable jointly to petitioner[3] and**:

> Michigan Department of Health and Human Services
> Third Party Liability Division
> P.O. Box 30435
> Lansing, MI 48909
> Attn: Ashley Kagey

(3) **A lump sum payment of $87.92, representing reimbursement of a State of Michigan Medicaid lien, in the form of a check payable jointly to petitioner[4] and**:

> Molina Healthcare of Michigan
> c/o Equian, LLC
> P.O. Box 771932
> Detroit, MI 48277-1932
> File No. 717950-113016

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

---

[3] Petitioner agrees to endorse this payment to the Michigan Department of Health and Human Services.

[4] Petitioner agrees to endorse this payment to Molina Healthcare of Michigan.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**<u>s/Nora Beth Dorsey</u>**
Nora Beth Dorsey
Chief Special Master

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| SHARON PERKINS CAGE, as | ) | |
| Personal Representative of the Estate of | ) | |
| TOMMIE CAGE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 16-38V (ECF) |
| v. | ) | Chief Special Master Dorsey |
| | ) | |
| SECRETARY OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Tommie Cage ("Mr. Cage") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). Upon Mr. Cage's death, Sharon Perkins Cage ("petitioner"), as personal representative of Mr. Cage's estate, was substituted as the petitioner. The petition seeks compensation for injuries allegedly related to Mr. Cage's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Cage received a flu vaccine on October 24, 2014.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the flu vaccine, Mr. Cage suffered transverse myelitis ("TM"). Mr. Cage passed away on November 30, 2016. Petitioner further alleges that Mr. Cage's death was the sequela of his alleged vaccine-related injury.

1

5.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Cage as a result of his alleged vaccine-related injuries and/or his death.

6.  Respondent denies that the flu vaccine caused Mr. Cage's alleged TM or any other injury, and denies that Mr. Cage's death was a sequela of his alleged vaccine-related injuries.

7.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a.   A lump sum of $300,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

   b.   A lump sum of $38,423.59, which amount represents reimbursement of a State of Michigan Medicaid lien, in the form of a check payable jointly to petitioner and:

> Michigan Department of Health and Human Services
> Third Party Liability Division
> P.O. Box 30435
> Lansing, MI 48909
> Attn:  Ashley Kagey

   c.   A lump sum of $87.92, which amount represents reimbursement of a State of Michigan Medicaid lien, in the form of a check payable jointly to petitioner and:

> Molina Healthcare of Michigan
> c/o Equian, LLC
> P.O. Box 771932
> Detroit, MI 48277-1932
> File No. 717950-113016

2

Petitioner agrees to endorse these checks to the Michigan Department of Health and Human Services and to Molina Healthcare of Michigan.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Mr. Cage's estate under the laws of the State of Michigan. No payment pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as the legal representative of Mr. Cage's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as the legal representative of Mr. Cage's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties

3

appointed by a court of competent jurisdiction to serve as the legal representative of the estate of Mr. Cage upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity, and as the personal representative of the estate of Tommie Cage, on behalf of the estate and Mr. Cage's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Cage resulting from, or alleged to have resulted from, the flu vaccine administered on or about October 24, 2014, as alleged in a petition for vaccine compensation filed on or about January 8, 2016, in the United States Court of Federal Claims as petition No. 16-38V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the

4

parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and that a change in the nature of compensation sought is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Cage's alleged TM, any other injury, or his death.

17. All rights and obligations of petitioner in her capacity as the personal representative of the estate of Tommie Cage, shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns, as legal representatives of Mr. Cage's estate.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

_Sharon Perkins Cage_

SHARON PERKINS CAGE

**ATTORNEY OF RECORD FOR PETITIONER:**

_Alison H. Haskins_ FOR

ALISON H. HASKINS
Maglio Christopher and Toale, P.A.
1605 Main Street
Suite 710
Sarasota, FL 34236
Tel:  (888) 952-5242

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

Catharine E. Reeves
by Heather L Pearlman

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

_Ward Sorensen for_

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated:  5/31/2018

**ATTORNEY OF RECORD FOR RESPONDENT:**

AMY P. KOKOT
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel:  (202) 616-4118

6