# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0038V
Filed: December 13, 2018
UNPUBLISHED

|  |  |
|---|---|
| SHARON PERKINS CAGE, as Personal Representative of the Estate of TOMMIE CAGE,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU); Attorneys' Fees and Costs |

*Alison H. Haskins, Maglio Christopher & Toale, PA, Sarasota, FL,* for petitioner.
*Amy Paula Kokot, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On January 8, 2016, Tommie Cage filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Upon Mr. Cage's death, Sharon Perkins Cage ("petitioner"), as personal representative of Mr. Cage's estate, was substituted as the petitioner. Mr. Cage alleges that he suffered transverse myelitis ("TM") as a result of receiving an influenza ("flu")

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

vaccination. Petition at 1-2. On June 11, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 69.

On November 9, 2018, petitioner filed a motion for attorneys' fees and costs. ECF No. 74. Petitioner requests attorneys' fees in the amount of $83,009.00 and attorneys' costs in the amount of $3,261.04. *Id.* at 1. Petitioner also incurred fees and costs from Zolton Law Offices in the amount of $6,892.35, for the establishment of the estate and its proceeding. *Id.* at 2. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 2. Thus, the total amount for all fees and costs requested is $93,162.39.

On November 26, 2018, respondent filed a response to petitioner's motion. ECF No. 75. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On November 27, 2018, petitioner filed a reply. ECF No. 76. Petitioner disputes respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates his view that his attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I. Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs.§ 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II.  Discussion

### A.  Excessive and Duplicative Billing

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209.

Billing records show that 3 attorneys and 12 paralegals billed time on this case, with several billing less than one hour. This resulted in multiple reviews of the same electronic court notifications, orders and updating the same entries on files. For example, the attorney's and the paralegals list 113 separate entries as reviewing electronic court notifications, totaling 11.8 hours of time.[3] This resulted in 3.5 hours of duplicated reviews of these notifications. The undersigned shall reduce the request for attorney's fees by **$493.00**[4], the total of the duplicated hours at the paralegal rates.

---

[3] Examples of these entries include: January 12, 2016 (0.20 hrs EKM) "Review electronic notice and Initial Order. Update case note" (0.20 hrs AHH) "Review Initial Order"; May 13, 2016 (0.10 hrs AHH) "Review Response to Order to Show Cause" (0.10 hrs EKM) "Review Response to Order to Show Cause"; August 16, 2016 (0.10 hrs AHH) "Review Scheduling Order" (0.10 hrs) "Review electronic notice. Review Order. Update case notes."; August 17, 2017 (0.10 hrs EKM) "Review electronic notice and corresponding Order. Update deadline' (0.10 hrs AHH) "Review Scheduling Order"; November 17, 2017 (0.10 AHH) "Review Respondent's Status Report" (0.10 hrs EKM) "Review electronic notice and Respondent's status report. Update case notes"; June 18, 2018 (0.10 hrs AHH) "Review Judgment" and June 19, 2018 (0.10 hrs EKM) "Review electronic notice and corresponding Judgment. Update case notes." ECF No. 74-1 at 11, 17, 20 32, 34 and 38.  These entries are mealy examples and not an exhaustive list.

[4] The total amount of duplicated hours was 3.50. This amount consists of (1.60 hrs x $135 = $216.00) + (1.40 hrs x $145 = $203.00) + (0.50 hrs x $148 = $74.00) = $493.00.

3

B. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 7.4 hours was billed by paralegals and attorneys' on tasks considered administrative including, receiving documents, reviewing and organizing the client file, and mailing documents.[5] Therefore the undersigned reduces the request for attorneys' fees by **$1,056.70**[6], the total amount of the entries considered administrative.

### III. Attorney Costs

A. Maligo Christopher & Toale

Petitioner requests reimbursement for costs incurred from Maglio Christopher & Toale in the amount of $3,261.04. ECF No. 74 at 1. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought regarding Maglio Christopher & Toale.

B. Zolton Law Offices

Petitioner requests reimbursement for fees and costs incurred from Zolton Law Offices regarding the estate proceedings in the total amount of $6,892.35. ECF No. 74 at 2. The undersigned finds the majority of these fees and costs reasonable with the exception of the "administrative fees" that total $216.00. *Id.* at 1 – 10, 15, and 18 – 19. Administrative fees that are added to an existing balance are not reimbursable in Vaccine Program cases. *See Jeffries v. Sec'y of Health & Human Servs.*, No. 99-670V, 2006 WL 3903710, at *18 (Fed. Cl. Spec. Mstr. Dec. 15, 2006) (holding that finance charge applied to total bill amounted to interest and that absent a waiver of sovereign

---

[5] Examples of these entries include: April 14, 2015 (0.10 hrs) "Review and organize request for St. Mary's of Michigan. Add notes to file"; July 15, 2015 (0.30 hrs) "Update client file with provider information"; September 1, 2015 (0.20 hrs) "Prepare additional medical records for filing"; January 11, 2016 (0.30 hrs) "Prepare medical records for DOJ attorney and Court"; January 15, 2016 (0.10 hrs) "Send Subpoenas to JMT Management for service on facilities"; April 12, 2016 (0.20 hrs) "Send facsimile to ECF registration department and teleconference with attorney regarding same"; May 11, 2016 (0.10 hrs) "Send out correspondence regarding service on Registered Agent to JMT Management" and July 5, 2016 (0.10 hrs) "Review electronic notice of minute entry." ECF No. 74-1 at 3, 5-6, 11-12, 15, 17 and 19. These entries are mealy examples and not an exhaustive list.

[6] This amount consists of (2.40 hrs x $135 = $324.00) + (3.10 hrs x $145 = $449.50) + (0.90 hrs x $148 = $133.20) + (1.0 hrs x $150 = $150.00) = $1,056.70.

immunity, "interest cannot be assessed against the United States." (citing *Library of Congress v. Shaw*, 478 U.S. 310, 317 (1986))).This results in a reduction of attorneys' fees and costs for Zolton Law Offices in the amount of **$216.00**.

### IV. Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $91,396.69[7] as follows:**

- **A lump sum of $84,720.34, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Alison H. Haskins. Petitioner requests payment be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236; and**

- **A lump sum of $6,676.35, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's estate counsel, Zolton Law Offices. Petitioner requests payment forwarded to Zolton Law Offices, 6420 Normandy Drive, Saginaw, Michigan 48638**

The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

                                              **s/Nora Beth Dorsey**
                                              Nora Beth Dorsey
                                              Chief Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.